## FULKERSON v. NATIONAL UNION FIRE INS. CO.

(District Court, D. Montana. August 6, 1923.)

No. 982.

1. **Principal and agent** ⬉69(1)—**Agent cannot alone make contract between himself and principal.**

In no circumstances can an agent alone offer, accept, or execute, and thereby impose upon his principal the obligation of, a contract between them.

2. **Principal and agent** ⬉69(1)—**When contract between principal and agent becomes effective.**

If a principal, with sufficient definiteness and certainty, authorizes an agent to execute a contract between them, it is an offer by the principal to the agent, accepted by the latter by execution of the contract imposing the obligations of the contract upon both if, and when, acceptance is by the agent communicated to the principal.

3. **Principal and agent** ⬉69(1)—**When contract between principal and agent becomes effective.**

If, without precedent authorization, an agent executes a contract between himself and his principal, it is, if communicated, an offer by him to the principal; and if the latter accepts and communicates the fact to the agent, the obligations of the contract attach to both parties from such communication.

4. **Principal and agent** ⊚⇒69(1)—**Respecting contracts between them, notice to one is not imputed to the other.**

In relation to contracts between principal and agent, the notice, knowledge, or possession solely of either is not imputed to the other.

5. **Insurance** ⊚⇒130(2)—**Application by agent for insurance held not effective as insurance contract until date of acceptance.**

Plaintiff, as agent for defendant insurance company and for himself, executed an application for a policy of hail insurance to himself, with a binder clause, which was dated on the 11th of the month, but was not mailed to defendant until the 13th. On the 12th, the crop described was damaged by hail. Defendant received the application on the 15th, and, without knowledge of the loss, issued and mailed the policy to plaintiff. *Held*, that the contract of insurance attached only on the 15th, when the application was accepted and the policy mailed, and was then voidable for fraud because the representations in the application were false when it was mailed to defendant.

At Law. Action by G. E. Fulkerson against the National Union Fire Insurance Company. Judgment for defendant.

Grant Bakewell, of Medicine Lake, Mont., and Paul Babcock, of Plentywood, Mont., for plaintiff.

Norris, Hurd & Rhoades and H. C. Hall, all of Great Falls, Mont., for defendant.

BOURQUIN, District Judge. In this action on a hail insurance policy is no question of pleading, no conflict of evidence, and the facts are few and simple.

Plaintiff's case in, defendant stands on a motion for judgment.

In 1921 plaintiff and one Fast, defendant's special agent, executed a contract of agency (plaintiff for defendant), later by defendant approved.

They also discussed insurance of plaintiff's contemplated crops, the finality being that plaintiff said if defendant would take his note for the premium, he would let Fast write the insurance. Fast said he would submit the proposition to defendant, and June 18, 1921, he wrote to plaintiff:

"Any time you are ready to insure same the company will be glad to accept your note for the prem."

July 12, 1921, 5 p. m., hail greatly damaged plaintiff's wheat crop. July 13, 1921, he at Medicine Lake, Mont., mailed to defendant at St. Paul the usual application for insurance on the wheat, executed by him for himself and also for defendant.

The application bore date July 11, 1921, 2:30 p. m., included a representation false to his knowledge that the wheat had not been damaged by hail, contained a "binder clause" taking effect 24 hours after date and enduring 72 hours thereafter, and was accompanied by his note for the premium less his agent's commission. July 14, 1921, he mailed to defendant notice of the damage to the wheat. July 15, 1921, defendant received the application, incorporated it in a policy mailed to plaintiff, which plaintiff received and countersigned as defendant's agent to validate it in accord with its terms and as of July 11, 1921.

---

July 23, 1921, the parties agreed without waiver of any right that the wheat was damaged to the extent of $6,700, and on August 13, 1921, likewise agreed in respect to further damage by hail to the wheat on August 3, 1921, to the extent of $408. August 20, 1921, defendant returned the note for the premium to plaintiff and advised him that it repudiated or rescinded the policy and refused to pay the losses aforesaid.

Plaintiff testifies he executed the application at 2:30 p. m. July 11, 1921, but stress of business and a trip to Minot caused him to forget to mail it until July 13, 1921.

He attempts corroboration, not by any one who saw him prepare application and note, not by any one who saw the letter containing them and addressed to defendant, lying on his desk in the bank of which he and others were employees, but by one who on the morning of the 13th by plaintiff was shown "an application for insurance and * * * a note," and by a fellow employee who on that morning was shown the note and which he had witnessed with his signature "some time" before.

Virtually all the testimony is grossly leading.

In brief, plaintiff's contention is that the obligation of the contract attached before the hail and' damage on July 12th; and that defendant waived all cause for avoidance, acquiesced, and is estopped to repudiate or rescind. And defendant's contention is contra, and that, if at all, the obligation attached only when the policy was countersigned by plaintiff, was voidable for the false representation aforesaid, and by defendant was duly avoided.

The law involved is that of contracts in general and of agency in particular. A contract between principal and agent, like any other, requires knowledge and meeting of minds, offer, acceptance, communication. From whichever the offer comes, there is no contract until brought to the other's knowledge, by him accepted, and acceptance communicated to the offerer.

[1] In no circumstances can an agent alone offer, accept, execute, and thereby impose upon his principal the obligation of a contract between them.

[2, 3] If the principal with sufficient definiteness and certainty authorizes the agent to·execute a contract between them, it is an offer from the principal to the agent, accepted by the latter by execution of the contract, imposing the obligations of the contract upon both if and when acceptance is by the agent communicated to the principal. If without such precedent authorization the agent.executes such a contract, it is, if communicated, an offer by him to the principal; and if the latter accepts and communicates the fact to the agent, the obligations of the contract attach to both parties from the latter communication made.

The usual rule applies that neither is bound until both are bound, and not until the one in the position of acceptor has placed it beyond his power to recede, viz. by communication of acceptance.

There are cases wherein acts done and that show for themselves are sufficient communication, but the instant case is not of that class.

[4] It is unnecessary to more than recall that in contracts between principal and agent, the notice, knowledge, and possession solely of either is not imputed to the other.

The virtue of this settled law is strikingly illustrated by the instant case. If the uncommunicated application is effective as a contract, it could be the instrument of fraud—to be communicated if hail and damage rendered profitable; to be withheld if not. And in like circumstances to be falsified in date and to incite to perjury.

It follows that if defendant had authorized plaintiff to execute the application, the earliest its obligations attached was when it was communicated, mailed to defendant. It does not appear, however, that such authorization had been made, and so the obligations of the contract, binder, and policy attached only when the application was by defendant received, accepted, and communicated, mailed to plaintiff.

Fast neither had power to authorize plaintiff to insure his own crop, nor did he assume to authorize it. Fast did nothing but negotiate subject to defendant's approval; and the only understanding seems to have been that plaintiff would let Fast write the insurance if defendant would accept a note for the premium, and Fast wrote him (hearsay so far as defendant is concerned) when he was ready to insure defendant would accept the note. This is far short of precedent authority in plaintiff to execute an application that uncommunicated would impose the obligation of a contract (the binder) on defendant.

[5] It thus appears that the contract of insurance attached only July 15, 1921, when defendant received and accepted the application or offer of plaintiff, and to him communicated acceptance by mailing the policy. That this acceptance was induced by plaintiff's false representation that the subject of insurance, the wheat, was not damaged by hail, is apparent from the circumstances. The representation purported to have been written on July 11th and was then true. But the representation was false when made on July 15th, when defendant received it, to plaintiff's knowledge but not to defendant's, and so was fraudulent. See Insurance Co. v. Lyman, 82 U. S. (15 Wall.) 670, 21 L. Ed. 246. It rendered the contract, binder, and policy voidable, and defendant rightfully avoided, repudiated, rescinded it. It is not in evidence when defendant discovered the truth, but if thereafter defendant waived the fraud, acquiesced in the contract, is estopped by conduct, the burden to prove the facts is plaintiff's and unsustained. See Pence v. Langdon, 99 U. S. 578, 25 L. Ed. 420.

In essentials, the instant case is like Zimmermann v. Ins. Co., 110 Mich. 399, 68 N. W. 215, 33 L. R. A. 698, and of like decision.

Whether or not plaintiff executed the application on July 11, 1921, 2:30 p. m., for reasons aforesaid he has no right to recover.

That all issues of fact may be determined, it is found that he has failed to prove his affirmative allegation that he did execute the application at the specific time aforesaid. His testimony that he did is without corroboration and is discredited by circumstances.

Taking into account all the facts and circumstances, and the undefinable impressions of proceedings and trial, the court is not persuaded that the greater weight of the evidence is with plaintiff upon this issue.

It is not necessary to conclude that plaintiff's testimony is false; it is enough to say the court is not persuaded that it is true. The findings are against plaintiff and for defendant, and are aforesaid.

Judgment for defendant.